Robert WILLIAMS, Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 2–577A189.

Court of Appeals of Indiana,
Fourth District.

Aug. 1, 1979.

John J. Rochford, Watson, Gleason & Hay, Indianapolis, for defendant-appellant.

Theo. L. Sendak, Atty. Gen., Terry G. Duga, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

CHIPMAN, Presiding Judge.

Appellant Robert Williams appeals his conviction for First Degree Burglary, IC 1971, 35–13–4–4. He presents four issues for review:

(1) Did the court's jury instruction on Williams' alibi defense erroneously shift the burden of proof to the defendant, and did the court err in refusing appellant's tendered instruction on the alibi issues;

(2) Should the trial court have granted appellant a new trial on the basis of newly discovered evidence;

(3) Was the trial court required to instruct the jury on the lesser included offense of Entering to Commit a Felony;

(4) Is it permissible to allow the alternate juror to retire with the jury during deliberations.

We affirm.

## FACTS

The unique facts of this case are as follows: On May 15, 1976, Francis Jones saw a man she later identified as appellant Robert Williams enter the back door of her neighbor, Roy Gratter's, house. She called the police. When Officer Howard arrived at the scene he noticed a 1969 Cadillac in the driveway with the engine running and the driver's door ajar. The officer then saw a man he later identified as appellant Williams emerge from the house. He chased Williams through the house and neighboring yards, but was unsuccessful in his pursuit. When Gratter returned home he discovered one hundred twenty-seven dollars ($127) had been taken. The police impounded the Cadillac left in the driveway and Williams was arrested at the police station when he attempted to recover his car.

The appellant's version of the facts is substantially different. He claims he was at home during the burglary. Rodney Williams, appellant Robert Williams' twin brother, took the 1969 Cadillac without Robert's permission and used it in the commission of the burglary. This was the substance of appellant's testimony at trial, which was corroborated by his mother and sister. Rodney Williams was not available and his whereabouts was unknown at the time of the trial. Later, on appellant's Motion to Set Aside Verdict, the court conducted a lengthy hearing at which Rodney Williams testified. Under oath, he corroborated much of Robert's alibi evidence and admitted that it was he, not his twin brother Robert, who committed the burglary on May 15, 1976. Nonetheless the trial judge overruled the motion and this appeal followed.

## I. ALIBI INSTRUCTION

Appellant first attacks the trial court's giving the following instruction:

### Instruction 1 F (s)2

In criminal law "Alibi" means "elsewhere" or in another place." It is a mode of defense to a criminal prosecution where the party accused, in order to prove he could not have committed the crime with which he is charged, offers evidence to show that he was in another place at the time the crime was committed. This is a legitimate and proper defense and evidence relevant thereto has been offered from the witness stand on behalf of the defendant. This evidence should be considered by you along with and in light of all the other evidence in the case, giving it such weight and credence as you believe it warrants; and, after such consideration, should the evidence of Alibi *create a reasonable doubt*

*in your minds as to the guilt of the defendant* then you should find the defendant not guilty of such offense. (emphasis added)

Appellant's contention is that the instruction shifted the burden of proof from the State to appellant. Although the instruction could have been more carefully worded so as to more clearly instruct the jury on the issues of burden of proof and reasonable doubt as they pertained to appellant's alibi defense, we find no error. First of all, the same instruction was quoted with approval by the Indiana Supreme Court in *Freeman v. State*, (1967) 249 Ind. 211, 231 N.E.2d 246. *See also Williams v. State*, (1974) 161 Ind. App. 57, 314 N.E.2d 764. Additionally, it is the law that instructions are to be read together. *Brannum v. State*, (1977) Ind., 366 N.E.2d 1180; *Cockrum v. State*, (1968) 250 Ind. 366, 234 N.E.2d 479. The trial court also read the following instruction to the jury:

> The burden is always upon the State to prove—never upon the accused to disprove—guilt. You must reconcile the evidence upon the theory of innocence, if that can reasonably be done.
>
> In this process you must continuously presume innocence, until and unless, after full deliberations, each of you find guilt beyond a reasonable doubt.

In light of the strong language in this instruction on the burden of proof, and the Supreme Court's approval of the alibi instruction in *Freeman*, we find no error.

Appellant also argues that the court improperly refused his tendered instruction number 1.

### Defendant's Proposed Final Instruction Number 1

I instruct you that an alibi defense is·a contention by a defendant that he was present at a place other than the scene of the crime at the time of the commission thereof. This is a valid defense in the State of Indiana and the *burden is upon the State to negative this defense beyond a reasonable doubt.* Moreover, this defense is not a waiver of any other defense, and its invocation does not relieve

the State of its burden of proof as to each of the other elements of the crimes charged or covered. (emphasis added)

The cases are legion which hold that an instruction is properly refused if the subject matter of the instruction is adequately covered by other instructions. *E. g., Spaulding v. State*, (1978) Ind., 373 N.E.2d 165; *Patterson v. State*, (1978) Ind., 371 N.E.2d 1309; *Timm v. State*, (1976) 265 Ind. 537, 356 N.E.2d 222. The two instructions given by the court, quoted above, cover the same areas as appellant's instruction and, therefore, the trial judge was well within his discretion to refuse it.

## II. NEWLY DISCOVERED EVIDENCE

Appellant next challenges the trial judge's refusal to grant a new trial on the basis of newly discovered evidence. Granting of a new trial on this ground is primarily within the discretion of the trial court. *Schwartz v. State*, (1978) Ind.App., 379 N.E.2d 480. Our scope of review is therefore limited to what is essentially an examination for abuse of discretion. *See Linkenhelt v. State*, (1944) 223 Ind. 44, 58 N.E.2d 111; *Sanders v. State*, (1977) Ind.App., 370 N.E.2d 966.

It is a general rule that for a new trial to be granted the newly discovered evidence must not be cumulative of evidence presented at trial. *McCurdy v. State*, (1975) 263 Ind. 66, 324 N.E.2d 489; *Keyton v. State*, (1972) 257 Ind. 645, 278 N.E.2d 277; *Schwartz v. State*, (1978) Ind.App., 379 N.E.2d 480; *Hogan v. State*, (1977) Ind. App., 367 N.E.2d 1100. Given our limited scope of review and the fact that Rodney's testimony at the post-trial hearing was, in fact, cumulative of his mother's and sister's testimony at trial, we are compelled to hold that the trial judge did not abuse his discretion in denying appellant's request for a new trial.

## III. LESSER INCLUDED OFFENSE INSTRUCTION

The third issue raised by appellant is whether the trial court improperly refus-

ed to instruct the jury on the lesser included offense of Entering to Commit a Felony, IC 1971 35–13–4–5. The test for error is whether the lesser offense is necessarily included within the offense charged and whether there was evidence presented at trial which is applicable to the lesser offense. *Harris v. State*, (1977) 266 Ind. 661, 366 N.E.2d 186; *Hester v. State*, (1974) 262 Ind. 284, 315 N.E.2d 351; *Hash v. State*, (1972) 258 Ind. 692, 284 N.E.2d 770. The only difference between the crimes of Burglary, IC 1971 35–13–4–4, and Entering to Commit a Felony, IC 1971 35–13–4–5, is that the element of breaking is present in the former and absent in the latter. Thus, if there were no evidence presented at trial to support the element of breaking the trial judge erred in refusing to instruct on the lesser included offense. However, this is not the case. There was evidence that a screen door had been torn, glass in the back door had been broken from the outside and an eyewitness testified she saw the man she identified as appellant push or shove his arm toward the back door. This is sufficient evidence of breaking to warrant the trial court's refusal to instruct the jury on the lesser included offense. The jury was properly instructed on the elements of burglary and we cannot assume that they returned a verdict of guilty without having found all elements present beyond a reasonable doubt.

## IV. ALTERNATE JUROR

Appellant's final assertion is that the trial court committed reversible error by permitting the alternate juror to join the jury in the jury room during deliberations.

 We first note that appellant has waived this issue by failing to object at trial or raise it in his motion to correct errors. *Beech v. State*, (1974) 162 Ind.App. 287, 319 N.E.2d 678; *Faught v. State*, (1974) 162 Ind.App. 436, 319 N.E.2d 843. Even if we were to consider appellant's contention, his argument is not well taken. In *Johnson v. State*, (1977) Ind., 369 N.E.2d 623, *cert. denied*, 436 U.S. 948, 98 S.Ct. 2855, 56 L.Ed.2d 791, the Indiana Supreme Court expressly held an alternate juror may, in the trial court's discretion, join the jury during deliberations if the trial court properly instructs the alternate juror that he or she is not to participate in the deliberations unless called upon to act as a replacement. *Minton v. State*, (1978) Ind., 378 N.E.2d 639; *Poindexter v. State*, (1978) Ind., 374 N.E.2d 509; *Miller v. State*, (1978) Ind., 372 N.E.2d 1168. In light of these recent decisions, appellant's reliance on *Hill v. State*, (1977) Ind.App., 363 N.E.2d 1010, is misplaced, and we find no error.

Affirmed.

MILLER and YOUNG, JJ., concur.