Michael S. MATO, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 683S195.

Supreme Court of Indiana.

May 28, 1985.

Susan K. Carpenter, Public Defender of Ind., Carolyn J. Fitch, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Petitioner Michael Mato was convicted of Rape, Criminal Deviate Conduct, Theft, and Criminal Confinement, following a jury trial. He was sentenced to the Indiana Department of Corrections for a period of twenty (20) years for Rape and twenty (20) years for Criminal Deviate Conduct, said sentences to run consecutively. He was also sentenced to a two year term for Theft and a two year term for Criminal Confinement, said sentences to run concurrent with each other and with the two prior sentences. On August 18, 1982 Petitioner filed his *pro se* petition for post-conviction relief, which was denied on November 29, 1982, after having been amended by retained counsel. Petitioner now appeals and raises the following four issues:

1. Petitioner was denied effective assistance of counsel at trial, or in the alternative, newly discovered evidence merits a new trial;

2. Petitioner was denied effective assistance of counsel on appeal;

3. the trial court erred by imposing consecutive sentences for Rape and Criminal Deviate Conduct; and

4. Petitioner was denied fundamental due process and a fair trial due to certain alleged errors.

Prior to Petitioner's February 13, 1980 trial, his trial counsel met with him at least five times to discuss trial strategy. Petitioner and counsel decided to aver consent as the best defense because the victim and Petitioner had been having a sexual relationship prior to the incident in question.

At trial, Petitioner took the stand in his defense. The State effectively cross-examined him, impeaching him with inconsistencies in his testimony, until Petitioner became unresponsive and began to ramble about a song. After the jury found Petitioner guilty, but prior to sentencing, the trial judge ordered a psychiatric evaluation of Petitioner due to this incident of unresponsive behavior. Drs. Klassen and Price filed reports indicating Petitioner was not sane or competent to understand further proceedings. Dr. Price also opined Petitioner had not been sane at the time the offense was committed. On April 1, 1980, Petitioner's trial attorney filed a motion to vacate the conviction based on psychiatric evaluation. The trial court denied this motion, ruling the proper remedy, in light of the psychiatric reports, would be to commit Petitioner to the Department of Mental Health until he was deemed competent to stand further proceedings. Honorable William Bontrager, the trial judge, recused himself, anticipating he would be called as a witness in the competency hearing, and ordered defense counsel and the prosecutor to do the same, as they were likely to be called as witnesses. The office of the public defender was appointed to represent Petitioner in further proceedings and deputy prosecutor George Biddlecome became counsel for the State.

On May 27, 1980, Special Judge Donald Jones was notified Petitioner was competent to stand further proceedings. At the competency hearing held September 29, 1980, Drs. Price and Klassen testified, as did the Honorable William Bontrager. The court found Petitioner had been competent at trial and was competent for further proceedings, then set a sentencing date. On October 30, 1980, Petitioner was sentenced and informed the court of his desire to appeal. In November, 1980, Petitioner retained private counsel, Howard Grimm, and the public defender thereafter withdrew.

Howard Grimm had James Kirke, an associate attorney, and a law clerk work on appellate proceedings under his direction. Trial counsel for Petitioner communicated with Grimm before the appeal was filed and advised him that the primary issue was whether the court erred by not setting aside the conviction due to newly discovered evidence, referring to the psychiatrists' reports. Grimm concluded this issue was the only meritorious issue for appeal. Accordingly, he preserved no other issues on appeal. This Court affirmed the trial court in *Mato v. State*, (1982) Ind., 429 N.E.2d 945.

### I

Petitioner argues he was denied effective assistance of trial counsel because counsel failed to properly object to improper cross-examination by the State as to Petitioner's character, reminded the jury of Petitioner's motorcycle club membership in final argument, and failed to investigate all possible defenses, especially the insanity defense. In the alternative, Petitioner contends evidence of the availability of the insanity defense was newly discovered evidence, warranting a retrial.

Petitioner's trial counsel testified that his trial strategy was to claim the victim consented to sexual intercourse and as part of that strategy he sought to exclude reference to any matter portraying Petitioner as having violent tendencies. After objecting to references to Petitioner's motorcycle club membership, Petitioner's counsel brought the matter to the attention of the jury during final argument. Petitioner claims this rendered counsel's assistance ineffective.

We first note, as we have repeatedly, that a post-conviction action under Ind.R.P.C. 1 is a special quasi-civil remedy whereby a party can present an error which, for various reasons, was not available or known at the time of the original trial or appeal. *Phillips v. State*, (1982) Ind., 441 N.E.2d 201. As such, the petitioner in a post-conviction proceeding bears the burden to prove any grounds for relief by a preponderance of the evidence. The judge who presides over the post-conviction hearing possesses exclusive authority to weigh the evidence and determine the credibility of the witnesses. The reviewing court will therefore not set aside the trial court's ruling on a post-conviction petition unless the evidence is without conflict and leads solely to a result different from that reached by the trial court. *McHugh v. State*, (1984) Ind., 471 N.E.2d 293; *Metcalf v. State*, (1983) Ind., 451 N.E.2d 321.

In reviewing competency of counsel, there is a presumption that counsel is competent. Strong and convincing evidence is required to rebut the presumption. *Smith v. State*, (1984) Ind., 465 N.E.2d 1105, *reh. denied; Howell v. State*, (1983) Ind., 453 N.E.2d 241; *Lindley v. State*, (1981) 268 Ind. 83, 426 N.E.2d 398. Incompetency of counsel revolves around the particular facts of each case; the standard for review for attorney performance is that of reasonable effective assistance. *Strickland v. Washington*, (1984) — U.S. —, 104 S.Ct. 2052, 80 L.Ed.2d 674. This Court will not speculate as to what may have been the most advantageous strategy in a particular case. Isolated poor strategy, bad tactics, or inexperience does not necessarily amount to ineffective counsel. *Henson v. State*, (1982) Ind., 436 N.E.2d 79; *Hollon v. State*, (1980) 272 Ind. 439, 398 N.E.2d 1273, 1277. A review of the record shows Petitioner's claim of ineffective assistance of counsel is unsubstantiated. Prior to trial a motion *in limine* had been filed requesting that the victim be instructed not to refer to Petitioner by his motorcycle group nickname, which was denied. So too were trial counsel's objections to references of Petitioner's membership in a motorcycle group, consistently overruled. Trial counsel, in final argument, referred to Petitioner's motorcycle group membership in an attempt to minimize the importance the jury may have otherwise placed upon Petitioner's membership. Petitioner has not even cited us to an example of poor or bad strategy, and has failed to demonstrate how counsel's assistance was ineffective.

■ Next Petitioner alleges trial counsel made an improper objection, which led to the State's admission of Petitioner's prior assault and battery convictions, highly prejudicial evidence. Although Petitioner's trial counsel might have made an objection on one basis whereas another counsel might have chosen a different basis, this was an instance of isolated poor trial strategy which does not amount to ineffective assistance of counsel. *Henson, supra; Hollon, supra.*

■ Finally, Petitioner argues trial counsel was ineffective for not investigating the alternative defense of insanity. Once again, this matter is unsupported by the record. In *DeVillez v. State,* (1981) 275 Ind. 263, 416 N.E.2d 846, this Court held that the hearing judge was not required, in light of the totality of surrounding circumstances, to conclude counsel was ineffective since there was evidence that the plea of insanity was rejected as a matter of trial strategy. In the case before us, trial counsel testified at the post-conviction hearing that he had thought about an insanity plea but dismissed the idea because of his numerous dealings and contacts with Petitioner in which he found Petitioner to be fine. Petitioner was always able to clearly describe in detail his version that the victim had consented. The best possible defense in trial counsel's opinion was consent, and Petitioner concurred in that planned trial strategy. The record shows Petitioner's counsel did investigate the alternative defense of insanity and dismissed it for a more strategic defense, which the Petitioner agreed to be the best defense. Accordingly, Petitioner has failed to demonstrate trial counsel failed to render ineffective assistance due to the fact he did not investigate the defense of insanity.

■ In the alternative, Petitioner seeks a retrial based on the contention that evidence of the availability of the insanity defense was newly discovered evidence. To justify the granting of a new trial on the basis of newly discovered evidence, Defendant must establish, *inter alia,* that the evidence has been discovered since trial and that it probably will produce a different result. *Cox v. State,* (1981) 275 Ind. 688, 419 N.E.2d 1279. We agree with the hearing court which concluded that evidence of insanity was information within Petitioner's control. The hearing court was "not persuaded that while the evidence was disclosed after trial, it was in fact newly discovered, as opposed to evidence which may have been in the possession of the defendant all along, but which he simply chose not to assert or raise." (Post-Conviction Record at 52). Furthermore, we agree with the hearing court that the "newly discovered evidence" probably would not produce a different result on retrial. At the post-conviction hearing no persons testified as to the newly discovered evidence; it was simply asserted in the form of medical reports submitted at the competency hearing. Only one of these reports indicated Petitioner was insane at the time of the offense. The post-conviction judge, possessing exclusive authority to weigh the evidence, obviously found Petitioner, by this evidence alone, had failed to prove by a preponderance of the evidence that he probably would prevail at a new trial in which he asserted the defense of insanity. We can only agree, as one doctor's testimony regarding Petitioner's insanity at the time of the offense probably would not result in an acquittal. Accordingly, Petitioner has failed to present reversible error by alleging ineffective assistance of counsel, and in the alternative no retrial is merited on the basis of newly discovered evidence.

II

Next Petitioner contends he was denied effective assistance of counsel on appeal and because appellate counsel waived nearly all alleged trial errors, Petitioner is now entitled to appellate review of all issues previously omitted, or in the alternative his direct appeal should be rebriefed and redecided. Petitioner's basis for alleging ineffective assistance of counsel is his claim that appellate counsel, Howard Grimm, did not read the trial transcripts nor personally

consult with the trial attorney before he filed Petitioner's Motion to Correct Errors. Consequently, Grimm allegedly failed to raise several issues meriting reversal.

 As previously stated, in a post-conviction proceeding, the hearing judge serves as the trier of fact. *McHugh, supra.* The effectiveness of appellate counsel's representation is judged on appeal using the same standard as is applied to trial counsel, *Burton v. State,* (1983) Ind., 455 N.E.2d 938. The hearing judge has sole authority to weigh the evidence and assess the credibility of the witnesses. *McHugh, supra.* In this case there were inconsistencies in the testimony at the post-conviction hearing with regard to the preparation of the appeal. Grimm testified that his associate in law listened to pertinent parts of a taping of the trial, as the firm had trouble obtaining the transcripts. Trial counsel testified he contacted Grimm's associate and discussed appealable issues. Grimm worked with his associate in preparing the appeal and testified at length as to why he chose not to raise the issues Petitioner now claims he was ineffective for not raising. Essentially, Grimm considered these other issues, but anticipated them constituting harmless error. We will not set aside the trial court's ruling on a post-conviction petition unless the evidence is without conflict and leads solely to a result different from that reached by the trial court. *McHugh, supra; Metcalf, supra.* Petitioner's grounds for alleging ineffective appellate counsel were confronted with conflicting evidence. Accordingly, we will not set aside the hearing court's finding that appellate counsel effectively assisted Petitioner. Petitioner has failed to present reversible error by alleging ineffective assistance of appellate counsel; consequently, he is not entitled to a review of those issues waived on appeal, nor a rebriefing and a new appeal.

### III

 Next Petitioner contends the enhanced and consecutive sentences he received are not supported by a sufficient statement of factors justifying the imposition of those sentences. Consequently, he should be re-sentenced to the presumptive sentences or the trial court should be required to issue a sufficient statement of reasons for imposition of the sentences. Petitioner acknowledges this issue was available but not preserved on direct appeal, and further concedes it does not constitute fundamental error. *Beasley v. State,* (1983) Ind., 445 N.E.2d 1372. However, Petitioner contends he never waived the issue because of the ineffective assistance of counsel rendered on appeal. Having addressed the issue of ineffective assistance of appellate counsel, immediately prior to this issue, and found no error to have been raised, we deem this issue waived. *Wickliffe v. State,* (1981) Ind., 424 N.E.2d 1007, 1010.

### IV

Proceeding under the assumption that appellate counsel failed to render effective assistance, Petitioner raises several other errors available upon direct appeal. All are meritless, do not constitute fundamental error, and because appellate counsel did render effective assistance these issues have been waived. Nonetheless, we will briefly address and dispose of these alleged errors, showing their failure to rise to the level of fundamental error.

 First, Petitioner asserts his arrest was unlawful for it was made without a warrant and without probable cause. Petitioner concedes the record does not reveal the place of arrest, public or private, nor does he offer facts surrounding the arrest. He merely asserts the arrest was without probable cause. This issue has been waived also for lack of a sufficient record. *Faught v. State,* (1979) 271 Ind. 153, 390 N.E.2d 1011. Next Petitioner contends the police did not read him his *Miranda* rights upon arrest. However, the record shows Petitioner suffered no prejudice because he made no incriminating statements. Therefore, this issue is harmless. Petitioner claims his constitutional rights were violated when he was subjected to a warrantless

search in which several of his pubic hairs were seized. Petitioner, however, fails to allege or demonstrate the products of the unlawful search and seizure were used as evidence against him. The exclusionary rule enunciated in *Mapp v. Ohio*, (1961) 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, sufficiently protects an accused's rights to be free from unreasonable search and seizure. Thus, this issue is also harmless. Petitioner alleges there was insufficient evidence to support his conviction because there was no medical evidence presented at trial. However, the uncorroborated testimony of the victim here is sufficient to sustain the conviction. *Houze v. State*, (1982) Ind., 441 N.E.2d 1369. Finally, Petitioner claims the jurors engaged in misconduct because they sought to be re-instructed on the definitions of Confinement, Rape, and the reasonable doubt standard. Jurors have a right to have instructions re-read to them as long as all are re-read without comment. *Wallace v. State*, (1981) Ind., 426 N.E.2d 34. Petitioner has failed to present any fundamental error.

Finding no error, we affirm the post-conviction relief court in all things.

GIVAN, C.J., and DeBRULER, and PRENTICE, JJ., concur.

HUNTER, J., not participating.