Robert WILLIAMS, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 2–1284A388.

Court of Appeals of Indiana,
Second District.

Feb. 26, 1986.

Susan K. Carpenter, Public Defender, Rick Ranucci, Deputy Public Defender, Indianapolis, for appellant (petitioner below).

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee (respondent below).

SHIELDS, Judge.

Petitioner-appellant Robert Williams (Williams) was convicted of first degree burglary [1] in a jury trial. The trial judge entered a judgment of conviction and sentenced Williams to an executed indeterminate term of ten to twenty years. This court affirmed his conviction on direct appeal in *Williams v. State* (1981), 181 Ind. App. 526, 392 N.E.2d 817. Williams now appeals the denial of his subsequent *pro se*

1. Ind. Code § 35–13–4–4 (1971).

petition for post-conviction relief. The issues, restated and renumbered, are as follows:

1) Whether Williams' trial counsel was ineffective;

2) Whether Williams was denied his Sixth Amendment right to counsel at the time of his polygraph examination;

3) Whether the trial court erred in admitting pre-trial show-up identification testimony;

4) Whether the trial court erroneously failed to instruct the jury to disregard the results of his polygraph examination;

5) Whether there is sufficient evidence to sustain the conviction; and

6) Whether Williams was deprived of due process of law by the trial court's denial of his post-trial motion based on newly discovered evidence.

We affirm the denial of post-conviction relief.[2]

■ At a post-conviction hearing the petitioner has the burden of proving his allegations by a preponderance of the evidence. Ind. Rules of Procedure, Post-Conviction Rule 1, § 5; *Garringer v. State* (1983) Ind., 455 N.E.2d 335. Upon review of a denial of a petition for post-conviction relief, we apply the following standard:

"Petitioner has the burden of proof and stands in the shoes of one appealing from a negative judgment. The trial judge, as trier of the facts, is the sole judge of the weight of the evidence and the credibility of the witnesses. It is only where the evidence is without conflict and leads to but one conclusion, and the trial court has reached an opposite conclusion, that the decision will be disturbed as being contrary to law."

*Young v. State* (1984) Ind., 470 N.E.2d 70, 71–72.

## I.

■ Williams contends the post-conviction court erred in concluding his trial counsel was not ineffective. His contention is governed by the two-step test articulated by the Supreme Court in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, and integrated into Indiana caselaw beginning with *Lawrence v. State* (1984) Ind., 464 N.E.2d 1291, 1294–97:

"Under the first step, or 'performance component,' the defendant must demonstrate that the alleged acts or omissions by counsel fell outside the wide range of professionally competent assistance.... If the defendant satisfies step one of the test, he then must establish the second step, or 'prejudice component,' under which the defendant will be entitled to relief only if the reviewing court determines that counsel's errors had an adverse effect upon the judgment."

*Richardson v. State* (1985) Ind., 476 N.E.2d 497, 501. A deficient showing on either component is fatal to a defendant's claim. 104 S.Ct. at 2069. The *Strickland* test is implemented with the presumption counsel rendered adequate legal assistance. 104 S.Ct. at 2066. Strong and convincing evidence is required to rebut this presumption. *Mato v. State* (1985) Ind., 478 N.E.2d 57; *Smith v. State* (1984) Ind., 465 N.E.2d 1105.

■ A court confronted with an ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case. In making this determination, the court must view the facts as they existed at the time of counsel's conduct and may not speculate, with the advantage of hindsight, as to what may have been the most advantageous strategy in a particular case. *Strickland*, 104 S.Ct. at 2065–66; *Smith v. State*, 465 N.E.2d at 1117. Isolated poor strategy, bad tactics, or inexperience does not necessarily amount to ineffective assistance of counsel. *Mato v. State* (1985) Ind., 478 N.E.2d 57.

## A.

Williams's claim of ineffective representation is first grounded on his counsel's

**2.** The facts are stated in *Williams v. State* (1981), 181 Ind.App. 526, 392 N.E.2d 817.

failure to attend Williams's polygraph examination. On June 8, 1976, Williams, his then attorney, and a deputy prosecutor signed a stipulation stating Williams agreed to take a polygraph test and that the results of the test could be used as evidence on behalf of the State. The stipulation also provided that if the test results affirmed the veracity of Williams's denial of guilt, the State would dismiss the charges. On June 16, 1976, new counsel appeared on Williams's behalf. New counsel was informed of the polygraph examination scheduled for June 24, 1976 but chose not to attend.[3]

■ We emphasize this claim must be viewed from the perspective of the facts as they existed at the time counsel elected not to appear at the examination rather than with the advantage of hindsight. From this perspective, the record supports the post-conviction court's conclusion Williams's counsel's failure to appear at the examination did not fall outside the wide range of professional competence. Williams had requested the examination and signed the stipulation. The parties apparently agreed upon an examiner who had their confidence. A polygraph examination does not affect the examinee's state of consciousness,[4] hence counsel could legitimately expect that Williams could recall the events occurring during the examination and relate them to him. Finally, the by-product of the examination would be available for counsel's perusal, if necessary. Thus, at the point in time counsel elected not to attend, the polygraph examination reasonably appeared routine. Therefore, although we do not necessarily approve counsel's omission, neither are we prepared to hold the omission evidences incompetence

as a matter of law. Thus, under the existing circumstances, the trial court's conclusion Williams's counsel's decision not to attend the examination did not fall outside the range of professionally competent assistance is not contrary to law.

### B.

■ Williams also bases his claim of ineffective counsel upon his trial counsel's failure to assert the illegality of the polygraph examination results, based upon a claim of "skewed results," either at trial or in his motion to correct error. Ineffective representation based upon counsel's failure to object requires a showing that had a proper objection been made the trial court would have had no choice but to sustain it. *Beard v. State* (1981) Ind., 428 N.E.2d 772.

■ Officer Danberry of the Indiana State Police performed the test on the scheduled date. According to Williams, an argument arose during the course of the examination when Officer Danberry accused Williams of lying. Williams contends this emotional event skewed the examination results and rendered them invalid.

Importantly, the post-conviction relief record fails to support Williams's position. There is no evidence the alleged "argument" impermissibly "skewed" the examination results.[5] Thus, because Williams failed to establish the predicate for relief, i.e., the evidence to which his counsel failed to object was evidence which, had an objection been made, would have been properly excluded, the trial court did not err in concluding Williams's counsel was not ineffective.[6]

---

3. At the post-conviction hearing, Williams's new counsel testified it was not his practice to attend polygraph examinations of his clients:
 "Q. And, was it customary to accompany a Defendant to a polygraph examination?
 A. I've never done it before. Either before that, or since."
 Record at 145.

4. This is as opposed to an examination conducted under hypnosis or with the assistance of truth-eliciting or anti-inhibiting drugs.

5. Indeed, Officer Danberry testified the disagreement increased the strength of Williams's reactions. Inferentially, an increase in the strength of the reaction should increase the validity of the reaction because any variance from the norm is enhanced.

6. As suggested in *Owens v. State* (1978), 176 Ind.App. 1, 373 N.E.2d 913, Williams's counsel vigorously cross-examined Officer Danberry concerning the conditions under which the test was conducted. In *Owens*, this court approved

### C.

 Next, Williams contends his counsel was ineffective because he did not object to the polygraph examination results on the ground the examination was conducted in violation of Williams's right to counsel.[7]

 The present case comes before us in the context of a post-conviction proceeding wherein the petitioner has the burden of proof. *Garringer v. State* (1983) Ind., 455 N.E.2d 335. Also, because this issue involves a failure to object, as did the preceding issue, Williams again had the burden of proving that had a proper objection been made, the trial court would have had no choice but to sustain it. *Beard v. State* (1981) Ind., 428 N.E.2d 772. This burden requires more than showing a particular objection would have had to be sustained. Rather, it requires a showing the evidence was substantively, rather than procedurally, inadmissible and excludable.[8] Here, the trial record reveals the State failed to offer evidence Williams voluntarily, knowingly and intelligently waived his right to have counsel present at the polygraph examination. Therefore, had Wil-

liams made a timely and appropriate objection, the trial court should have sustained his objection to the proffered evidence of the polygraph results. However, at that time the State would have had the opportunity to correct its oversight by offering evidence, such as a signed, written waiver, Williams did knowingly, voluntarily and intelligently waive his right to have counsel present. Thus, it cannot be said the evidence was substantively inadmissible and excludable until and unless Williams further shows the State could not have introduced evidence to satisfy its burden of showing a voluntary, intelligent and knowing waiver.[9]

### II.

Williams next contends the absence of counsel at the polygraph examination and the subsequent admission of the test results into evidence impinged his Sixth Amendment right to counsel. Specifically, Williams argues he was not advised of the right to assistance of counsel at the polygraph examination nor did he waive this right.[10]

---

cross-examination of the polygraph examiner in several specific areas including the examiner's qualifications and training, the test conditions, polygraphic interrogation techniques and any other matter deemed pertinent in the trial court's discretion. 176 Ind.App. at 4, 373 N.E.2d at 915.

**7.** Williams correctly argues the right to counsel exists at all critical stages of trial proceedings, *Manley v. State* (1980) Ind.App., 410 N.E.2d 1338, and a post-indictment/information polygraph examination is such a critical stage. *Greenlee v. State* (1985) Ind.App., 477 N.E.2d 917. Thus, at the trial, the State had the burden of proving beyond a reasonable doubt Williams knowingly, voluntarily, and intelligently waived his right to have counsel present at the polygraph examination. *Brewer v. Williams* (1977), 430 U.S. 387, 405, 97 S.Ct. 1232, 1242, 51 L.Ed.2d 424; *Greenlee v. State* (1985) Ind.App., 477 N.E.2d 917, 920; *Mulry v. State* (1980) Ind. App., 399 N.E.2d 413, 416.

**8.** The requirement that the defendant show the proffered evidence is substantively inadmissible and excludable is a principle akin to "invited error". The defendant's failure at trial to object to the proffered evidence leads the State to

reasonably conclude the defendant concedes he validly waived the Fourth, Fifth and/or Sixth Amendment rights in question. Thus, the defendant's omission contributes to the State's oversight in failing to lay a proper foundation at a time when the oversight could be corrected.

**9.** The evidence before the post-conviction relief court includes testimony Williams signed a written waiver of rights form immediately prior to the polygraph examination. Williams neither denied executing the waiver nor offered evidence attacking its validity or sufficiency. These omissions, coupled with the existence of the waiver form, precluded Williams from meeting his burden of proving the polygraph results would have been substantively inadmissible and excludable had his counsel objected.

**10.** This allegation of error was contained in Williams's amended petition for post-conviction relief. The State did not interpose the defense of waiver and the post-conviction court considered the issue on the merits; thus, this court also must consider the issue on the merits. *See Langley v. State* (1971), 256 Ind. 199, 267 N.E.2d 538; *Gross v. State* (1974), 162 Ind.App. 649, 320 N.E.2d 817; *see also* Bagni, Giddings & Stroud, Indiana Appellate Procedure, § 285 (1979).

Because Williams's counsel did not object to the admission of the test results, the alleged error may only be considered by this court if it constitutes fundamental error. Fundamental error is an exception to the rule requiring a contemporaneous objection to preserve error for appeal. *Johnson v. State* (1979) 271 Ind. 145, 390 N.E.2d 1005, *cert. denied* (1979) 444 U.S. 944, 100 S.Ct. 302, 62 L.Ed.2d 312. To fit within the exception, "the error must be blatant, and the potential for harm must be substantial and appear clearly and prospectively." *Nelson v. State* (1980) 274 Ind. 218, 220, 409 N.E.2d 637, 638. "[T]he error complained of must be such that, if not rectified, would deny the defendant 'fundamental due process.'" *Johnson v. State*, 271 Ind. at 151, 390 N.E.2d at 1010; *see also Young v. State* (1967), 249 Ind. 286, 289, 231 N.E.2d 797, 799 (fundamental error is one that "offends our concepts of criminal justice."); *Wilson v. State* (1943), 222 Ind. 63, 83, 51 N.E.2d 848, 856 (fundamental error occurs when "so-called trial did not meet the requirements of due process of law...."). The mere fact that the error complained of relates to violation of a constitutional right does not, in and of itself, render it fundamental error. *Johnson v. State* (1979) 271 Ind. 145, 390 N.E.2d 1005.

The appellate courts in this state have declined to include admission of illegally obtained evidence within the penumbra of fundamental error.[11] This preclusion is solidly based on two considerations which weigh against invocation of the fundamental error doctrine. First, only the interested party can and should make the judgment whether the introduction or exclusion of particular evidence is in his best interest; and, second, the admission of illegally obtained evidence does not affect the integrity of the fact-finding process. *See generally Winston v. State* (1975) 165 Ind.App. 369, 332 N.E.2d 229.

Turning to the instant case, Williams's allegation of error, based upon the admission of illegally obtained evidence, does not rise to the level of fundamental error. Even assuming Williams did not receive a proper advisement of or waive his right to counsel thereby "tainting" the testimony concerning the test results, the trial court was not in a position to make the tactical and strategic judgment whether the offered "tainted" evidence might or could be used to Williams's advantage. Further, the omission did not affect the integrity of the fact-finding process. Although Williams argues the disagreement between him and the examiner skewed the examination results and rendered them invalid, the evidence is the disagreement increased the strength of Williams's reactions.[12] Further, the disagreement occurred *after* the examination had revealed deception on Williams's part. The admission of the test results without objection does not constitute fundamental error.

### III.

Next, Williams asserts State's witness Francis Jones, one of the eyewitnesses to the burglary, made an illegal out-of-court identification of Williams while he was at the police station prior to his arrest. Williams also argues Jones's testimony concerning Williams's involvement in the robbery was based on what another person had disclosed to her and thus should have been excluded as hearsay.[13]

Jones testified the only time she observed Williams after the burglary was

11. Illegally obtained evidence includes evidence secured in violation of a defendant's fourth, fifth, and sixth amendment rights. While the admission of illegally obtained evidence which is otherwise probative and reliable has not been treated as fundamental error by Indiana courts, an improperly admitted coerced confession would distort the fact-finding process and may constitute fundamental error. *See* 4A B. Bagni, L. Giddings & K. Stroud, Indiana Appellate Procedure, § 15 (1979).

12. Contrary to Williams's assertion, Officer Danberry did not testify the disagreement caused the test results to be false and unreliable.

13. The State raised the defense of waiver to the claim concerning Jones in its answer to Williams's petition for post-conviction relief. The post-conviction court ruled against Williams on the merits of this argument; consequently, this court is required to consider the argument on the merits as well. *See Gross v. State* (1974), 162 Ind.App. 649, 320 N.E.2d 817.

through photographs displayed to her by police officers. Conversely, Williams's mother, Dora May Williams, testified a friend told her after Williams's trial that he had seen Jones exit the police station at the time Williams had gone to the police station to recover his car. Williams's mother concluded the police had called Jones to come to the station where she identified Williams at this time. In post-conviction proceedings, the trial court is the sole judge of the credibility of witnesses and this court will not set aside the trial court's decision unless the evidence is without conflict and leads unerringly to a result not reached by the trial court. *See Mato v. State* (1985) Ind., 478 N.E.2d 57. Here, the evidence as to the out-of-court identification is conflicting, and we rely on the post-conviction judge's exclusive authority to weigh the evidence. Accordingly, the trial court's resolution of this issue is affirmed.[14]

We also affirm the post-conviction court's position on Williams's hearsay claim. The evidence is Jones testified from her own personal knowledge of the events she had observed. Williams failed to present evidence to the contrary. Thus, Williams did not sustain his burden of proof to establish his allegation of error by a preponderance of the evidence. *See Davis v. State* (1975), 263 Ind. 327, 330 N.E.2d 738; *Johnson v. State* (1974), 262 Ind. 183, 313 N.E.2d 542.

### IV.

 Williams also contends the post-conviction court erred in failing to instruct the jury to disregard the polygraph results. He bases his entitlement to the instruction on his claim the results were invalid and irrelevant to the issues of the case, and, thus, the court had the duty to instruct the jury to disregard the test results.[15] As discussed above, Williams has not demonstrated the polygraph examination produced invalid results. Further, Williams failed to request a limiting instruction and failed to tender such instruction to the trial court. Thus, he has waived error, if any, on this issue. *Roberts v. State* (1981) Ind.App., 419 N.E.2d 803; *Lynn v. State* (1978), 268 Ind. 632, 377 N.E.2d 1357.

### V.

 Williams next argues there was insufficient evidence to sustain his conviction of burglary. As we have stated many times, the post-conviction relief process is not a substitute for direct appeal, but is a process whereby the defendant may raise issues not known or available at the time of the original trial or appeal. *Phillips v. State* (1982) Ind., 441 N.E.2d 201; *Riner v. State* (1979), 271 Ind. 578, 394 N.E.2d 140; *Bradberry v. State* (1977), 266 Ind. 530, 364 N.E.2d 1183. The record reveals Williams argued insufficiency of the evidence in his motion to correct error. However, his counsel did not pursue this claim upon direct appeal. Nevertheless, Williams did not argue ineffective assistance of appellate counsel as a ground for post-conviction

---

14. The post-conviction court failed to make a specific finding of fact on this issue. However, we assume the court, by denying the Appellant's post-conviction relief petition, necessarily credited the testimony of Jones that no pre-trial identification occurred. *See Henry v. State* (1976), 170 Ind.App. 463, 353 N.E.2d 482. Further, the trial court made the following conclusion of law: "The Petitioner has failed to meet his burden of proof as to the allegations in his Petition." Record at 99.

15. In his brief, Williams claims the State failed to deny this allegation in its answer to his *pro se* petition for post-conviction relief, thereby admitting error. *See* Ind. Rules of Procedure, Trial Rule 8(D). *Purcell v. State* (1975), 165

Ind.App. 47, 330 N.E.2d 779 holds the *facts* alleged in a petition for post-conviction relief will be deemed admitted by the State if the State fails to file a responsive pleading as required by P.C.R. 1, § 4(a). The only fact contained within the Appellant's "undenied" allegation is that the trial court failed to give a mandatory instruction on the weight to be given the polygraph examination results. The accuracy of that fact is uncontroverted. The balance of the allegation concerns claims of fundamental error and reversible error, questions of law which are not deemed "admitted." *See Lloyd v. State* (1979) 270 Ind. 227, 383 N.E.2d 1048; *Purcell v. State* (1975), 165 Ind.App. 47, 330 N.E.2d 779.

relief.[16] Therefore, the issue of sufficiency of the evidence has been waived.[17] *See Mato v. State* (1985) Ind., 478 N.E.2d 57; *Kimble v. State* (1983) Ind., 451 N.E.2d 302, *writ of habeus corpus denied,* 583 F.Supp. 1072 (N.D.Ind.1984); *Ross v. State* (1983) Ind., 456 N.E.2d 420.

## VI.

Williams contends the post-conviction court erred in rejecting his request for a new trial on the basis of newly discovered evidence consisting of the confession of his twin brother, Rodney, that he, and not Williams, committed the burglary in question. Williams argues the trial court decided the issue of newly discovered evidence on the merits, and consequently, this court must review the issue on the merits as well. *See Gross v. State* (1974), 162 Ind.App. 649, 320 N.E.2d 817.

■ Specifically, Williams asserts the State did not adequately invoke the defense of *res judicata.* Citing *Thrasher v. Van Buran Township of Monroe County* (1979), 182 Ind.App. 121, 394 N.E.2d 215, Williams argues *res judicata* is an affirmative defense which must be raised in a responsive pleading. While we agree the defense of *res judicata,* or prior adjudication, must be interposed by the State or the court,[18] Williams was sufficiently apprised of the State's reliance on this defense. Williams filed a motion to amend his *pro se* petition for post-conviction relief containing the allegation of newly discovered evidence on the day of the post-conviction hearing. The State did not file a written answer to the amended petition, but orally denied the amendments and alleged prior adjudication as to the newly discovered evidence claim. The court treated the State's denial of the amendments as a motion to dismiss which the court subsequently overruled. Both Williams's counsel and the State argued the issue of prior adjudication at the post-conviction hearing, and the post-conviction relief court specifically found the issue of newly discovered evidence had been adjudicated previously. In addition, Williams first raised the absence of a written answer by the State in his appellate brief. Based upon these facts, we conclude the purpose of requiring an answer, to advise the petitioner of the State's position regarding his claims, was satisfied in this case. *See Likens v. State* (1978), 177 Ind.App. 101, 378 N.E.2d 24; *see also Harrington v. State* (1984) Ind.App., 466 N.E.2d 1379 (court excused the State's failure to plead laches as an affirmative defense because the issue was tried by consent of the parties and the State's answer is deemed amended to include this issue). Thus, Williams may not rely on the State's failure to file a written answer affirmatively raising the defense of prior adjudication.

■ Williams's prior appeal considered the issue of a new trial based on newly discovered evidence.[19] *Williams v. State* (1979), 181 Ind.App. 526, 392 N.E.2d 817. The court of appeals found Rodney Williams's confession was not "new" evidence because it was cumulative of other testimony presented at trial. 181 Ind.App. at 530, 392 N.E.2d at 819. It appears Williams is now attempting to utilize a variation of his

---

**16.** Williams's trial counsel prepared the motion to correct errors. Different counsel pursued the direct appeal and still other counsel assumed Williams's representation at the post-conviction proceedings.

**17.** The State interposed the defense of waiver in its answer to the petition for post-conviction relief. The trial court found in favor of the State on this defense, and we affirm the trial court's finding of waiver. *See Gross v. State* (1974), 162 Ind.App. 649, 320 N.E.2d 817.

**18.** *See Davis v. State* (1975), 263 Ind. 327, 330 N.E.2d 738; *Langley v. State* (1971), 256 Ind. 199, 267 N.E.2d 538; *Gross v. State* (1974), 162 Ind.App. 649, 320 N.E.2d 817; *see also* Bagni, Giddings & Stroud, Indiana Appellate Procedure, § 285 (1979).

**19.** The trial court had the opportunity to rule on the issue of newly discovered evidence. Rodney Williams, the twin brother, confessed to committing the burglary at the post-trial hearing on Williams's motion to set aside the verdict. The trial court overruled the motion.

appellate argument [20] to achieve relief which was denied in the prior adjudication. This we will not permit. Therefore, we affirm the post-conviction court's finding of prior adjudication.

Judgment affirmed.

BUCHANAN, C.J., and SULLIVAN, J., concur.

20. Williams characterizes his argument as a collateral attack on the original trial court's decision denying the motion to set aside verdict based on the confession of Williams's brother, Rodney Williams. Record at 236–37. Williams alleges the "trial court's findings in support of its rejection of newly discovered evidence were wholly unsupported and completely arbitrary in violation of Williams's due process right[s]." Appellant's brief at 28.