**Tim HOOD, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

No. 05A02–8809–PC–00335.

Court of Appeals of Indiana, Second District.

Nov. 27, 1989.

Tim Hood, Westville, pro se.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

SHIELDS, Presiding Judge.

Tim Hood appeals the denial of his post-conviction relief petition.

We reverse.

On March 20, 1986, Hood was charged by information with theft,[1] a class D felony, and forgery,[2] a class C felony. Hood was arrested on April 25, 1986, and held in jail until his initial hearing on April 28, 1986. While Hood was in jail awaiting his initial hearing the prosecutor told him that the

State would forego filing an habitual offender count if he would plead guilty without counsel.

At the post-conviction hearing Hood testified:

Q. Alright, so you would not have the Judge believe that I have in anyway coerced you or forced you by my withholding the filing of the habitual offender to induce you to plead guilty before?

A. Mr. Young, you came over to the jail and said you would give me the habitual criminal if I didn't plead guilty to this charge

Q. What's that

A. without counsel.

Q. Okay, so you are saying that I did force you to do it then.

A. Yes, you bet you did.

Record at 194. In closing the prosecutor stated:

As this Court knows, it is my practice to speak with defendants wherever they are located if they are not bonded out, speak with them in the jail if they have, speak with them prior to their initial hearing and generally, that is reduced to an oral statement on the record. I don't know if it was in this particular case but certainly that conversation that Mr. Hood referred to did take place between him and I. He, as he has from prior plea bargains as it appears in the record, did receive a quid pro quo in exchange for his plea of guilty.

Record at 201.

At the hearing Hood waived formal arraignment, waived his right to an attorney, and pled guilty to both counts. Before the guilty plea court accepted Hood's guilty pleas the prosecutor made the following statement:

I might state to the Court that prior to this hearing the State and the defendant entered into conversations with respect to this case and the State of Indiana represented to Mr. Hood that if he were to plead guilty to the crimes as charged

---

1. IC 35–43–4–2 (1988).

2. IC 35–43–5–2 (1988).

*today*, the State of Indiana would not file any habitual offender riders to those charges and now, once, the Court accepts that pleas, is barred from doing that at any rate but that was the representation to the defendant. Further, that the State would not argue against any statements made by Mr. Hood in his own behalf with respect to sentencing.

Record at 165 (emphasis added). Hood subsequently requested and received counsel on May 21, 1986. On May 27, 1986, Hood filed a verified motion to withdraw his guilty pleas; the motion was denied following a hearing. Hood was later sentenced to concurrent terms of eight years for forgery and four years for theft. Hood filed a petition for post-conviction relief on September 17, 1986. Following a hearing, the post-conviction court found Hood's guilty pleas were made knowingly, intelligently, and voluntarily. His petition was denied. Hood appeals.

### ISSUE

■ On appeal Hood claims the post-conviction court's decision is erroneous because the undisputed evidence is that his pleas were not entered freely and knowingly pursuant to IC 35–35–1–1 (1988) and that his pleas were the product of coercion in contravention of IC 35–35–1–3 (1988).[3] We restate the issue as whether the prosecutor's pre-hearing offer to forego filing an habitual count against Hood in exchange for Hood's immediate guilty pleas "without counsel" vitiated his subsequent pleas.

### DISCUSSION

An accused has a right to counsel at critical stages in the judicial process and plea bargaining is a critical stage. *Gallarelli v. United States* (1971) 3d Cir., 441 F.2d 1402, 1405. Counsel or effective waiver of counsel is a *sine quo non* of permissible plea bargaining. *Grades v. Boles* (1968), 4th Cir., 398 F.2d 409, 413. Defendants advised by counsel and protected by other safeguards are presumptively capable of intelligent choices when confronted with prosecutorial persuasion. *Bordenkircher v. Hayes* (1978), 434 U.S. 357, 363, 98 S.Ct. 663, 668, 54 L.Ed.2d 604. Conversely, uncounseled defendants are considered incapable of intelligent choices because of unequal bargaining strengths. *Id.* A prosecuting attorney who plea bargains with a defendant in the absence of counsel deprives the defendant of counsel's assistance at a time when it is needed. An uncounseled defendant is generally uninformed of such things as the legal consequences of his conduct, the likelihood of conviction, the probable punishment if convicted and other matters appropriately discussed by the defendant and his attorney in order that any decision to plead guilty might be intelligently made.

Unquestionably, then, the most important part of the judicial proceeding can occur in jail during plea bargaining. A jailhouse conference with an uncounseled defendant who has not knowingly, voluntarily, and intelligently waived his right to counsel, however, is inherently unfair. Furthermore, it is idle to speculate whether counsel could have, if present, worked out a better deal. Therefore, the *Gallarelli* court held that an agreement made with an uncounseled defendant irremediably infects all subsequent proceedings.

> The guidance of counsel is so essential a protection for an accused during plea bargaining and in the making of a decision to plead guilty that a plea entered without such guidance must be set aside without inquiry whether demonstrable harm resulted in the case in question.

*Gallarelli*, 441 F.2d at 1405.

However, we need not decide whether prosecutorial plea bargaining with an uncounseled defendant vitiates the voluntariness of the ensuing plea *per se*. Our fact situation is even more egregious. Here, not only did the State plea bargain with an uncounseled defendant, it also made the uncounseled defendant's waiver of his

---

3. Hood also claims it was fundamental error for the guilty plea court to deny his motion to withdraw his guilty pleas and that the court committed a sentencing error because there was an insufficient factual basis to show he committed any crime. These issues are not addressed because we reverse and these issues should not arise in the subsequent proceedings.

right to counsel as a condition of the plea agreement.

■ Generally, it is not improper to threaten an habitual offender charge to induce plea bargaining. *Jackson v. State* (1986), Ind., 499 N.E.2d 215. Further, under ordinary circumstances, a record containing the required advisements would be a determinative factor in the affirmation of the denial of a petition for post-conviction relief based on a claim the guilty pleas were not entered knowingly and intelligently. The threat here, however, was made to an uncounseled defendant and, to avoid the threatened conduct, the defendant was required to proceed without the assistance of counsel.[4]

That additional condition compels the determination that the resultant plea is involuntary *per se*. Thus there is no merit to the State's assertion that the guilty plea court's exhaustive advisement of defendant's right to counsel and Hood's assurance his pleas were voluntarily made the voluntariness of the pleas a factual issue.

Hood's waiver of counsel at his guilty plea hearing and his assurance to the court that he was not acting under threats or coercion was tainted by prior state action. The prosecutor's offer of a plea bargain premised on Hood's tender of guilty pleas without legal counsel forecloses inquiry as to the voluntariness or intelligence of Hood's waiver of counsel in open court notwithstanding the guilty plea court's thorough advisements and inquiries. Thus his convictions based on those pleas are reversed.

Judgment reversed and cause remanded with instructions to vacate Hood's guilty pleas and for such further proceedings as are necessary and appropriate.

SULLIVAN and CONOVER, JJ., concur.

---

4. Indiana and the American Bar Association have established rules and standards forbidding prosecutors from performing in a manner such as the prosecutor performed here.

The prosecutor in a criminal case shall:

(b) make reasonable efforts to assure that the accused has been advised of the right to, and the procedure for obtaining, counsel and has been given reasonable opportunity to obtain counsel;

(c) not seek to obtain from an unrepresented accused a waiver of important pretrial rights, such as the right to a preliminary hearing....

Indiana Rules of Professional Conduct, Rule 3.8 (1987).

(b) It is unprofessional conduct for a prosecutor to engage in plea discussions directly with an accused who is represented by counsel, except with counsel's approval. Where the defendant has properly waived counsel, the prosecuting attorney may engage in plea discussions with the defendant, although ordinarily a verbatim record of such discussions should be made and preserved.

ABA Standards for Criminal Justice, Standard 3–4.1 (1980).