Oscar I. BELMARES–BAUTISTA,
Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 57A04–1003–CR–223.

Court of Appeals of Indiana.

Dec. 22, 2010.

Elizabeth A. Gabig, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Wade James Hornbacher, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

BOEHM, Senior Judge.

Ligonier police officer Josh Halsey pulled Oscar I. Belmares–Bautista over for playing loud music on his car stereo. Halsey asked Belmares–Bautista for his driver's license, and Belmares–Bautista produced what appeared to be a driver's license from the state of Aguascalientes, Mexico. Halsey identified the document

as a forgery and arrested Belmares–Bautista. Belmares–Bautista represented himself in a bench trial and was convicted of possession of a counterfeit government-issued identification, a Class A misdemeanor, and operating a vehicle without ever having received a valid license, a Class C misdemeanor.

The only issue is whether Belmares–Bautista knowingly, voluntarily and intelligently waived his right to counsel. Belmares–Bautista signed a Spanish language waiver form and conducted his trial through an interpreter. He does not contend that the form erroneously translated the standard English language form or that he was otherwise coerced or misled. For the reasons explained below, we hold that this record is sufficient to support the trial court's waiver of his right to counsel.

 The right to be represented by counsel is protected by both the Federal and Indiana Constitutions. *Jackson v. State,* 868 N.E.2d 494, 499 (Ind.2007) (citing U.S. Const. amend. VI and Ind. Const. art. 1, § 13). An accused may waive the right to counsel if the accused's waiver is "intelligent and competent." *Johnson v. Zerbst,* 304 U.S. 458, 465, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938); *see also Iowa v. Tovar,* 541 U.S. 77, 87–88, 124 S.Ct. 1379, 1387, 158 L.Ed.2d 209 (2004) (stating "any waiver of the right to counsel [must] be knowing, voluntary, and intelligent."). Whether there has been an intelligent waiver of the right to counsel depends on "the particular facts and circumstances" of the case. *Zerbst,* 304 U.S. at 464, 58 S.Ct. at 1023. The State bears the burden of proving that Belmares–Bautista was made aware of his right to the assistance of counsel and knowingly, voluntarily and intelligently waived his right. *See Brewer v. Williams,* 430 U.S. 387, 404, 97 S.Ct. 1232, 1242, 51 L.Ed.2d 424 (1977). In the absence of a factual dispute, we review de novo the trial court's determination that

Belmares–Bautista knowingly, voluntarily, and intelligently waived his right to counsel.

Before his initial hearing Belmares–Bautista had signed a Spanish-language document captioned "DELITOS MENORES." Appellant's App. p. 14. An English translation of the document is not in the record. At the initial hearing, at which Belmares–Bautista did not have counsel, the trial court and Belmares–Bautista held the following discussion through an interpreter:

Court: And were you able to read and understand your rights?

Belmares–Bautista: Yes.

Court: Do you want to represent yourself?

Belmares–Bautista: Yes.

Tr. p. 6. Next, at or before a pretrial conference on December 21, 2009, Belmares–Bautista signed a Spanish-language document captioned "AVISO Y RECONO-CIMIENTO." Appellant's App. p. 18. The record contains no English translation of this document, and the trial court did not discuss the form with Belmares–Bautista on the record.

 Belmares–Bautista contends the State cannot establish a valid waiver of his right to counsel in view of these gaps in the record. We do not agree. The parties do not contend the transcript is inaccurate or point to any facts outside the trial record that would bear on the waiver claim. The State points to nothing beyond these two documents and the above-quoted exchange between Belmares–Bautista and the court to support its claim of intentional waiver. However, Belmares–Bautista makes no claim that these Spanish language documents erroneously translated a standard advisement of the right to counsel or that he did not understand the advice. We will not disturb the trial court's judgment in the absence of a challenge by Belmares–Bautista to the sufficiency of the forms or any showing of coercion or inabil-

ity to read or comprehend the documents. *Cf. Diaz v. State,* 934 N.E.2d 1089, 1096 (Ind.2010) (remanding for a new hearing where a defendant claimed that the interpreting at his guilty plea hearing was inaccurate and invalidated his guilty plea).

■ If the record establishes that the defendant can read, the defendant's signing a written advisement can be sufficient to inform a defendant of his rights discussed in the advisement and to establish that the defendant waived those rights. *Maloney v. State,* 684 N.E.2d 488, 490 (Ind.1997). *Maloney* also explains that when a defendant claims that his guilty plea was not voluntary or intelligent despite signing an advisement of rights, the defendant bears the burden of showing that he could not read the advisements or that the signature was produced by coercion or misapprehension. *Id.* at 491. An advisement in a language that the defendant can read and understand is presumptively valid whether in English or another tongue. Belmares–Bautista is in the same position as the defendant in *Maloney.* He signed a written waiver and presents nothing to suggest he did not understand and voluntarily agree to it.

This case is unlike *Santana v. State,* 679 N.E.2d 1355, 1358 (Ind.Ct.App.1997), in which the defendant claimed at a pretrial hearing that the Spanish-language Miranda advisements he received were inaccurate and did not properly advise him of his rights.

The judgment of the trial court is affirmed.

Affirmed.

FRIEDLANDER, J., concurs.

RILEY, J., concurs in result.