# FOR PUBLICATION

ATTORNEYS FOR APPELLANT:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**BART M. BETTEAU**
New Albany, Indiana



FILED
Feb 21 2012, 9:23 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

STATE OF INDIANA, )
)
    Appellant-Respondent, )
)
      vs. )   No. 88A05-1106-PC-317
)
CHRITOPHER VICKERS, )
)
    Appellee-Petitioner. )

APPEAL FROM THE WASHINGTON SUPERIOR COURT
The Honorable Frank Newkirk, Jr.
Cause No. 88D01-1101-PC-48

**February 21, 2012**

**OPINION - FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Respondent, State of Indiana (State), appeals the post-conviction court's grant of post-conviction relief to Appellee-Petitioner, Christopher Vickers (Vickers).

We reverse.

## ISSUE

The State raises a single issue for our review which we restate as: Whether the post-conviction court erred by concluding that Vickers had not knowingly waived his right to counsel.

## FACTS AND PROCEDURAL HISTORY

On October 27, 2003, following his arrest two days before, Vickers appeared at his initial hearing along with a group of other defendants. The trial court advised the defendants of their rights, including the right to be represented by an attorney, the risk of proceeding without an attorney, and the availability of appointed counsel. After confirming his name, personal information, and reviewing the potential penalties facing him, the trial court asked Vickers if he wanted an attorney. Vickers replied that he needed to speak with his family. The trial court asked one of Vickers' family members about the possibility of retaining an attorney and the family member agreed to try to find an attorney. The trial court requested that the family member let him know "right away" so that Vickers would have time to request appointment of public counsel. (Transcript p. 21). Vickers was nineteen years old.

2

On October 28, 2003, the State filed an Information charging Vickers with operating a vehicle with a specified blood or breath alcohol level or a controlled substance or its metabolite in his body, as a Class C misdemeanor, Ind. Code § 9-30-5-1(a); illegal possession of alcohol as a Class C misdemeanor, I.C. § 7.1-5-7-7(a)(2); and operating a vehicle while intoxicated causing endangerment as a Class A misdemeanor, I.C. § 9-30-5-2(b).

On November 24, 2003, Vickers appeared for a pretrial hearing and met with the prosecutor. The prosecutor gave Vickers a plea agreement form with all pertinent information regarding the offenses, sentence, and court fees completed. Vickers signed and initialed each item in the plea agreement. Vickers also signed a waiver of attorney form prepared by the prosecutor. The bottom of the form contained the following words in all capital letters, underlined and in bold font: "I DECLARE THAT I DO NOT WANT TO BE DEFENDED BY AN ATTORNEY IN THIS CASE." (Appellant's App. p. 18). The form had a place for Vickers to insert his last year of schooling, but this was left blank. Vickers also wrote his name in the caption of the Order to Accept Waiver of Attorney. However, the order was unsigned by the trial court and did not have the name of the prosecutor or the date completed. That same day, Vickers pled guilty to operating a vehicle while intoxicated causing endangerment, as a Class A misdemeanor.[1] The chronological case summary on that day records, in relevant part, that "[p]arties appear;

---

[1] The record does not contain a copy of the transcript of the guilty plea hearing.

3

plea agreement filed. Judgment of [c]onviction and [s]entence entered." (Appellant's App. p. 1).

On January 21, 2011, Vickers filed his Verified Petition for Post-Conviction Relief alleging that his guilty plea was invalid because he had not knowingly or voluntarily waived his right to counsel and because his plea negotiations were tainted because he had not validly waived his right to counsel. The Petition requested specific findings of fact and conclusions of law under Ind. Trial Rule 52 and Ind. Post-Conviction Rule 1, § 6. Vickers also served discovery on the State, including requests for admissions. On February 16, 2011, the State filed its Answer, but did not otherwise respond to Vickers' discovery requests. On April 19, 2011, a hearing was held on Vickers' Petition. On June 6, 2011, the post-conviction court issued its Order Granting Defendant's Petition for Post-Conviction Relief, which contained the following relevant Findings of Fact and Conclusions of Law:

<u>FINDINGS OF FACT</u>

* * *

8. At his initial hearing:

    a. [Vickers] was advised that he was at a disadvantage without a lawyer because he did not know the laws or rules that apply in [c]ourt and was not trained in how to negotiate or argue his case.

    b. It was recommended that [Vickers] have a lawyer to represent him and that he talk with a lawyer within 10 days.

    c. [Vickers] was told that there were deadlines for the filing of motions and if he waited too long to see a lawyer, he might not give his lawyer enough time to investigate the case and

determine what should be filed on his behalf in time to meet the deadlines.

    d. [Vickers] was informed that he could make it harder for his lawyer to help by waiting too long to hire an attorney.

    e. [Vickers] was asked if he had any questions and he did not.

    f. The [c]ourt was told that [Vickers'] family was going to try to hire a lawyer to represent him.

    g. The [c]ourt advised that if the family was unable to hire an attorney, [Vickers] should be notified by the family "right away."

9. [Vickers] signed a waiver of attorney form and entered into a plea [agreement] on [November 24, 2003].

10. The [c]ourt was unable to locate any recording of the plea hearing, although it is always the intention and the policy of the [c]ourt to record every hearing.

11. Because there is no record of [Vickers'] waiver of his right to counsel, the [c]ourt must find that it is impossible to find that he knowingly waived his right to counsel.

## CONCLUSIONS OF LAW

* * *

3. [Ind.] Code [§] 35-35-1-1 states: "A plea of guilty shall not be accepted from a defendant unrepresented by counsel who has not freely and knowingly waived his right to counsel."

* * *

(Appellant's App. pp. 50-51).

The State appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

I. *Standard of Review*

5

Here, the State has appealed the grant of post-conviction relief to Vickers. Our supreme court has explained the standard of review applicable in such case.

> When the State appeals a judgment granting post-conviction relief, we review using the standard in [T.R.] 52(A):
>
>> On appeal of claims tried by the court without a jury or with an advisory jury, at law or in equity, the court of appeal shall not set aside the findings or judgment unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.
>
>> Clearly erroneous review is a review for sufficiency of evidence. […]. We neither reweigh the evidence nor determine the credibility of witnesses. Rather, we consider only the evidence that supports the judgment and the reasonable inferences that can be drawn from it. We will reverse only on a showing of clear error.

*State v. Cooper*, 935 N.E.2d 146, 149 (Ind. 2010). A showing of clear error is "that which leaves us with a definite and firm conviction that a mistake has been made." *State v. Dye*, 784 N.E.2d 469, 471 (Ind. 2003). When the State claims that the post-conviction court erred in granting relief, "the inquiry is essentially whether there is *any* way the trial court could have reached its decision." *Id*.

## II. *Waiver of Right to Counsel*

The State argues that, contrary to the trial court's decision, the record demonstrates that Vickers knowingly and voluntarily waived his right to counsel prior to or at his guilty plea hearing.

The Sixth Amendment, made applicable to the states through the Fourteenth Amendment, guarantees the right to counsel and concomitant right to self-representation to an accused. *Hopper v. State*, 957 N.E.2d 613, 617 (Ind. 2011). These rights arise "at

any point during a criminal proceeding in which the absence of counsel would erode the defendant's right to a fair trial." *Id.* "[T]he entry of a guilty plea is a critical stage and a valid waiver of counsel is required for a defendant proceeding [*pro se*]." *Id.* at 616; *see* I.C. § 35-35-1-1 (trial court may not accept a guilty plea "from a defendant unrepresented by counsel who has not freely and knowingly waived his right to counsel.").

A defendant may, however, waive the right to counsel and proceed *pro se* provided that the waiver is made knowingly, voluntarily, and intelligently. *Butler v. State*, 951 N.E.2d 255, 259 (Ind. Ct. App. 2011). The particular facts and circumstances of the case may establish a valid waiver of the right to counsel, including the background, experience, and conduct of the accused. *Hopper*, 957 N.E.2d at 618. A request to proceed *pro se* must be clear and unequivocal. *Id.* at 621. Finally, the record must reflect the trial court's determination that the waiver was validly made. I.C. § 35-35-1-1; *Butler*, 951 N.E.2d at 259.

Here, the record does not contain the trial court's determination that Vickers waived his right to counsel or unequivocally asserted his right to proceed *pro se*. In its Order, the post-conviction court found that "[i]t is the intent and policy of this court to record all guilty plea hearings." (Appellant's App. p. 50). Next, it found that "[n]o record of the guilty plea exists." (Appellant's App. p. 50). The post-conviction court thus concluded that "it is impossible to find that [Vickers] knowingly waived his right to counsel." (Appellant's App. p. 51). We note that, apart from the foregoing, the post-

7

conviction court's Order contains no other findings as to the validity of Vickers' waiver or his unequivocal assertion to proceed *pro se*.

The State argues that the lack of a recording from the guilty plea hearing does not in and of itself afford a basis to conclude that a defendant did not knowingly and voluntarily waive his right to counsel. In *Hall v. State*, our supreme court concluded that Hall failed to meet his burden of proof that the trial court did not advise him of his *Boykin* rights by relying exclusively upon the absence of a record of his guilty plea hearing. *Hall v. State*, 849 N.E.2d 466, 472 (Ind. 2006). [2] The supreme court reasoned that "[t]he fact that the record of a guilty plea hearing can neither be found nor reconstructed does not of itself require granting post-conviction relief." *Id.* at 470. Instead, the burden remains on the petitioner to prove his claim by a preponderance of the evidence. *Id.* Thus, the lack of a record showing that the trial court determined a waiver to be valid does not mean that it did not make such determination. *See id.* at 472.[3] Thus, in light of this supreme court precedent, to the extent the post-conviction court's grant of relief rests upon the lack of a record, this was error. *See Mansfield v. State*, 850 N.E.2d 921, 925 (Ind. Ct. App. 2006), *trans. denied*. Accordingly, we must look to other evidence in the record

---

[2] The *Boykin* rights are "three specific federal constitutional rights:" "the privilege against self incrimination, right to trial by jury, and the right to confront one's accusers." *Hall*, 849 N.E.2d at 469 (citing *Boykin v. Alabama*, 395 U.S. 238, 243 (1969)). The record must contain evidence that the defendant was informed of and waived such rights. *Id.* Waiver cannot be presumed from a silent record. *Id.*

[3] Vickers cites to a number of cases for the proposition that a record silent on a defendant's waiver does not permit an inference that the defendant waived his rights. We find these cases inapposite in light of the supreme court's reasoning in *Hall*. Moreover, these cases involve either a direct appeal or lack of an initial hearing, and yet do not involve a missing transcript. None of these circumstances are relevant here.

8

supporting the judgment to determine whether Vickers met his burden of proof establishing that he did not waive his right to counsel or did not unequivocally assert his right to proceed *pro se*.

Even considering only evidence favorable to the judgment, we are unable to find that Vickers met his burden of proof. Aside from the unsigned order on the waiver of right to counsel form and Vickers' admittedly hazy recollection of events, Vickers put forth scant evidence demonstrating that he did not waive his right to counsel or did not assert his right to proceed *pro se*. Vickers testified that he wanted an attorney at all times and did not recall telling the trial court that he did not want an attorney. He testified that he could not recall reading the waiver of attorney form and that he did not understand the waiver form or the plea agreement. Finally, Vickers points to incomplete portions of the waiver and its accompanying unsigned order.

We note that "[i]f the record establishes that the defendant can read, the defendant's signing a written advisement can be sufficient to inform a defendant of his rights discussed in the advisement and to establish that the defendant waived those rights." *Belmares-Bautista v. State*, 938 N.E.2d 1229, 1231 (Ind. Ct. App. 2010). Further, "the defendant bears the burden of showing that he could not read the advisements or that [his] signature was produced by coercion or misapprehension." *Id*. Vickers testified that he could read, had graduated from high school, and had signed not only the waiver of attorney form but reviewed the plea agreement with the prosecutor and

9

initialed it. Thus, at best, Vickers' testimony establishes only that he does not know whether he waived his right to counsel or asserted his right of self-representation.

Absent a clear requirement that all waivers of counsel be supported by an audio recording, we are unable to conclude that Vickers met his burden of proof to establish that he did not validly waived his right to counsel or that he asserted his right to self-representation. Accordingly, the State has shown that the post-conviction court committed clear error by granting Vickers post-conviction relief.

Vickers raises two additional issues to justify the trial court's grant of relief. First, Vickers points to his plea bargaining negotiations. Vickers arrived for his pretrial hearing without counsel and met with the prosecutor off the record. Vickers then signed both a guilty plea and a waiver of right to counsel. Vickers argues that his plea was "tainted" by negotiating with the prosecutor without the benefit of counsel and a full understanding of his rights. In support, Vickers cites to *Hood v. State*, 546 N.E.2d 847, 849 (Ind. Ct. App. 1989). *Hood* involved a prosecutor's offer to "forego filing a habitual offender count" against a jailed defendant if he would plead guilty without counsel. *Id*. at 848. We note that substantially the same argument has already been decided adversely to Vickers. *See Hopper*, 957 N.E.2d at 616-17. In *Hopper*, the supreme court distinguished *Hood* and declared that it did not support the proposition that "the plea bargain phase is a critical state requiring a separate warning." *Id*. at 617. Thus, we do not find *Hood* persuasive.

Second, Vickers argues that the post-conviction court erred by refusing to grant summary disposition or to deem portions of the State's Answer as judicial admissions.

10

After filing his Petition, Vickers sent combined requests for admissions, interrogatories, and production of documents to the State. The State responded with its Answer alone and did not provide a separate response to Vickers' discovery requests. Instead of addressing the allegations contained in the Petition, however, the State's Answer appears to have addressed Vickers' discovery requests only. Vickers sought summary disposition and a default judgment arguing that because the State had failed to submit an Answer it had therefore admitted to the allegations in his Petition. The State responded that "while organizationally unsound […] the State did respond in substance to" Vickers' Petition by denying its allegations. (Tr. pp. 35-36). The State also responded that its Answer was "actually answering" both Vickers' Petition and his discovery requests. (Tr. p. 32). The post-conviction court took the matter under advisement, but issued no ruling.

Under P.C.R. 1, § 4(a) the State must "respond by answer stating the reasons, if any, why the [post-conviction petition] relief prayed for should not be granted." Failure by the State to do so results in only the admission of "facts alleged in the petition for post-conviction relief," and not the legal conclusions contained therein. *Williams v. State*, 489 N.E.2d 594, 601, n.15 (Ind. Ct. App. 1986). The facts contained in Vickers' Petition include his address, the date of his guilty plea, his meeting with the prosecutor prior to entry of his guilty plea, and lack of filing appeals and post-conviction petitions. The balance of his allegations concerns the validity of his waiver of the right to counsel and deprivation of his constitutional rights, "questions of law which are not deemed admitted." *Id*.

11

Similarly, Vickers' alternative argument that the State's Answer amounts to a judicial admission of those legal conclusions raised in his discovery requests fails for the same reason. Conclusively establishing that Vickers' waiver did not occur based on the State's simple failure to properly label its Answer simply elevates form over substance. Accordingly, we find no error by the post-conviction court in denying Vickers' motions for summary disposition or judicial admission.

## CONCLUSION

Based on the foregoing, we find that the trial court erred in granting post-conviction relief to Vickers. We reverse the judgment of the post-conviction court and direct that the conviction be reinstated.

Reversed.

FRIEDLANDER, J. and MATHIAS, J. concur