## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Antonio T. Collier | Curtis T. Hill, Jr. |
| Pendleton, Indiana | Attorney General of Indiana |
| | |
| | James B. Martin |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Antonio T. Collier, | August 8, 2018 |
| *Appellant-Petitioner,* | Court of Appeals Case No. 49A02-1710-PC-2325 |
| v. | Appeal from the Marion Superior Court |
| State of Indiana, | The Honorable Marc T. Rothenberg, Judge |
| *Appellee-Respondent.* | The Honorable Amy J. Barbar, Magistrate |
| | Trial Court Cause No. 49G02-9306-PC-79398 |

**Najam, Judge.**

# Statement of the Case

Antonio T. Collier appeals the post-conviction court's denial of his petition for post-conviction relief. He raises one issue for our review, namely, whether the post-conviction court erred when it denied his petition.

We affirm.

# Facts and Procedural History

On June 30, 1993, the State charged Collier with robbery and conspiracy to commit robbery, both as Class A felonies. On October 4, the trial court held a hearing during which Collier pleaded guilty to robbery, as a Class A felony. Pursuant to the plea agreement, which encompassed four cases pending against Collier, the parties agreed that the trial court would sentence Collier to an aggregate sentence of thirty years. The entry in the CCS for that day indicates that Collier was present in person and represented by counsel. It further indicates: "Defendant advised of rights/potential penalties. . . . Court finds Defendant understands and knowingly and voluntarily waives rights." Appellant's App. Vol. II at 5. The trial court did not accept Collier's guilty plea at that time.

Thereafter, the parties entered into a revised plea agreement pertaining to the robbery offense only. In that revised agreement, the parties agreed that Collier would plead guilty to robbery, as a Class A felony, and that the trial court would sentence Collier to twenty years. On February 7, 1994, the trial court

held another hearing during which Collier pleaded guilty.[1] The trial court accepted Collier's guilty plea and sentenced him to twenty years in the Department of Correction. The CCS entry for that date again indicates that Collier was present and represented by counsel, that "Defendant [was] advised of rights/potential penalties," and that Collier "understands rights and knowingly and voluntarily waives rights." *Id.* at 6.

[5] Between March 29, 1996, and January 15, 2008, Collier filed two petitions for post-conviction relief, which he subsequently withdrew. On December 1, 2014, Collier filed his third petition for post-conviction relief. Collier also filed a motion for copies of the transcripts of the guilty plea and sentencing hearings. Subsequently, Collier again withdrew his petition for post-conviction relief.

[6] On May 12, 2015, in response to Collier's motion for copies of the transcripts, the court reporter filed an affidavit in which she stated that she could not locate the audio recordings of the hearings and, therefore, could not provide Collier with transcripts of the hearings. Collier then filed a fourth petition for post-conviction relief, which he amended on May 13, 2016. In that petition, Collier alleged that he had received ineffective assistance of counsel, that he had entered his guilty plea without a knowing and voluntary waiver of his rights, and that the judicial officer had been invalidly appointed. Collier then filed a motion to make the certified transcripts of the guilty plea and sentencing

---

[1] Collier has not provided a copy of either plea agreement in his appendix.

hearings part of the record.  The trial court denied that motion and found that the court reporter had twice advised Collier that the records of the proceedings could not be located.[2]  Accordingly, the trial court did not have the transcripts and could not make them a part of the record.  Because the audio recordings of the hearings were missing, Collier submitted an affidavit as evidence in support of his petition for post-conviction relief.  In the affidavit, Collier stated that he had not been advised of his rights to a speedy trial, to confront and cross-examine witnesses against him, to procure witnesses in his favor, to have the State prove his guilt beyond a reasonable doubt, and to not testify against himself.  He further asserts that, had he been properly advised, he would not have entered into the plea agreement.

[7]     The trial court denied Collier's petition for post-conviction relief on September 8, 2017.  In its order, the trial court entered findings of facts and conclusions of law, including the following:

Findings of Fact

* * *

> 2. A plea agreement was filed on 10/4/93 encompassing four cases pending against the Petitioner, calling for an aggregate sentence of thirty (30) years.  The plea agreement set out all of the Constitutional rights to which the Petitioner was entitled and his handwritten initials appear beside each right.  His signature

---

[2]  The trial court also advised Collier that his prior counsel had requested and received copies of all requested transcripts in 1999 and, as such, the transcripts may be available from the State Public Defender's office.

also appears at the end of the plea agreement. . . . The Court's minute entry states, "Defendant advised of rights and potential penalties. . . . Court finds Defendant understand rights and knowingly and voluntarily waives rights."

3. On 2/7/94, after several delays by defense and the filing of a new plea agreement, the Petitioner was sentenced. The new plea agreement called for pleading only to the instant cause, for a set term of twenty (20) years. . . .

4. Again, the Court's minute entry for 2/7/94 says "Defendant advised of rights and potential penalties. . . . Court finds Defendant understands and knowingly and voluntarily waives rights."

* * *

Conclusions of Law

* * *

First, the record is not entirely silent as to whether or not he was properly advised. The Petitioner actually had two guilty plea advisements and the Court's official file record shows he was advised on both occasions. Both of his plea agreements contain a list of his Constitutional rights, with his initials and signature on both documents. . . .

Appellant's App. Vol. II at 20-26. The post-conviction court found in relevant part that Collier had failed to show by a preponderance of the evidence that he

had not been advised of his rights.  Accordingly, the trial court denied Collier's

petition for post-conviction relief. [3]  This appeal ensued.

# Discussion and Decision

[8]     Collier appeals the post-conviction court's denial of his petition for post-

conviction relief.  As our Supreme Court has stated:

> "The petitioner in a post-conviction proceeding bears the burden
> of establishing grounds for relief by a preponderance of the
> evidence." *Campbell v. State*, 19 N.E.3d 271, 273-74 (Ind. 2014).
> "When appealing the denial of post-conviction relief, the
> petitioner stands in the position of one appealing from a negative
> judgment." *Id*. at 274.  In order to prevail on an appeal from the
> denial of post-conviction relief, a petitioner must show that the
> evidence leads unerringly and unmistakably to a conclusion
> opposite that reached by the post-conviction court. *Weatherford v.
> State*, 619 N.E.2d 915, 917 (Ind. 1993).  Further, the post-
> conviction court in this case entered findings of fact and
> conclusions of law in accordance with Indiana Post-Conviction
> Rule 1(6).  Although we do not defer to the post-conviction
> court's legal conclusions, "[a] post-conviction court's findings
> and judgment will be reversed only upon a showing of clear
> error—that which leaves us with a definite and firm conviction
> that a mistake has been made." *Ben-Yisrayl v. State*, 729 N.E.2d
> 102, 106 (Ind. 2000) (internal quotation omitted).

---

[3] In its order denying Collier's petition for post-conviction relief, the court concluded that it need not address Collier's allegation of ineffective assistance of counsel because that claim was based on Collier's assertion that he had not been properly advised of rights and the trial court found that he had not met his burden on that allegation.  The trial court also found that Collier had presented no evidence to support his allegation that the judicial officer had been invalidly appointed.  Collier does not raise either of those issues on appeal.

*Humphrey v. State*, 73 N.E.3d 677, 681-82 (Ind. 2017).

[9] Collier contends that the post-conviction court erred when it denied his petition for post-conviction relief because the audio recordings and transcripts of his guilty plea hearings are not available and, therefore, there is no record to show that he was advised of his *Boykin* rights during his guilty plea hearings.

[10] As our Supreme Court has stated:

> In *Boykin* [*v. Alabama*, 395 U.S. 238 (1969)], the United States Supreme Court held that it was reversible error for the trial judge to accept petitioner's guilty plea without an affirmative showing that it was intelligent and voluntary. *Id.* at 242, 89 S.Ct. 1709. More particularly, *Boykin* requires that the record must show, or there must be an allegation and evidence which show, that the defendant was informed of, and waived, three specific federal constitutional rights: the privilege against compulsory self-incrimination, right to trial by jury, and the right to confront one's accusers. *Id.* at 243, 89 S.Ct. 1709. The Court made clear, "[w]e cannot presume a waiver of these three important federal rights from a silent record." *Id.*

*Hall v. State*, 849 N.E.2d 466, 469 (Ind. 2006).

[11] Collier contends that because the audio records and transcripts are missing, "the record is absolutely silent as to any determination by the trial judge that there was a knowing and intelligent waiver of constitutional rights" and, thus, that the post-conviction court erred "in concluding that the record is not silent." Appellant's Br. at 15. Collier specifically contends that, because the record is

silent, the record "does not affirmatively show that [he] was advised of the *Boykin* rights prior to the entry of his plea." *Id*. at 11.

[12] But our Supreme Court has clarified that a lost or missing record is not the same as a silent record. *See Hall*, 849 N.E.2d at 469. Further, "[t]he fact that the record of a guilty plea hearing can neither be found nor reconstructed does not of itself require granting post-conviction relief." *Id*. at 470.

> A petitioner cannot obtain post-conviction relief on the ground of the lack of *Boykin* advisements simply by proving that the guilty plea record is lost and cannot be reconstructed. Rather, as with any claim, the petitioner has the burden of demonstrating by a preponderance of the evidence that he is entitled to post-conviction relief.

*Id*. at 473.

[13] Indeed, here, while the transcripts of the guilty plea hearings cannot be located, Collier's plea agreements were before the trial court. The post-conviction court found that "[t]he plea agreement set out all of the Constitutional rights to which the Petitioner is entitled and his handwritten initials appear beside each right. His signature also appears at the end of the plea agreement."[4] Appellant's App. Vol. II at 20. Collier does not dispute that finding of fact, and he makes no

---

[4] This finding of fact by the post-conviction court specifically references the plea agreement filed on October 4, 1993. The court did not explicitly make a similar finding of fact in regards to the plea agreement filed on February 7, 1994. However, the post-conviction court's order includes the following conclusion of law: "Both of his plea agreements contain a list of his Constitutional rights, with his initials and signature on both documents." Appellant's App. Vol. II at 25. And Collier does not contend that he did not sign the second plea agreement.

contention that he did not understand those rights when he initialed and signed his plea agreements.[5] And Collier has not provided us with a copy of either plea agreement. Accordingly, we cannot say that the trial court erred when it found that the record was not silent as to whether Collier had been properly advised of his rights.[6]

[14] In sum, the only evidence Collier presented to support his petition for post-conviction relief was an affidavit in which he asserted that the trial court had not properly advised him of his rights. But that affidavit is not the only evidence in the record. Collier does not dispute the trial court's finding and conclusion that he had initialed and signed two plea agreements, which included an advisement of his rights. Collier's affidavit does not lead unerringly and unmistakably to a conclusion that was opposite the conclusion reached by the post-conviction court. *See Humphrey*, 73 N.E.3d at 681-82. Accordingly, Collier has not met his burden on appeal, and we will not disturb the post-

---

[5] It is well-settled that "when a defendant claims that his guilty plea was not voluntary or intelligent despite signing an advisement of rights, the defendant bears the burden of showing that he could not read the advisements or that the signature was produced by coercion or misapprehension." *Belmares-Bautista v. State*, 938 N.E.2d 1229, 1231 (Ind. Ct. App. 2010). Here, Collier does not dispute that he signed the agreement. Collier also does not make any contention that he was unable to read the rights outlined in the agreements or that he was coerced into signing the agreements. Accordingly, Collier has not presented any evidence to suggest that he did not understand the advisements in the plea agreements.

[6] Collier mentions Indiana Criminal Rule 10 several times throughout his briefs on appeal. While his argument on this issue is not clear, he appears to assert that the trial court should have granted his petition for post-conviction relief because the trial court did not comply with Criminal Rule 10, which requires a trial court to maintain an electronic recording of the guilty plea proceedings for fifty-five years in felony cases. But this court has previously held that a trial court's contravention of Criminal Rule 10 does not, alone, equate to governmental misconduct or render a record silent for purposes of *Boykin*. *See Damron v. State*, 915 N.E.2d 189, 192 (Ind. Ct. App. 2009). And there is no evidence here to demonstrate that the missing record is a result of misconduct by the State.

conviction court's decision. We affirm the judgment of the post-conviction court.

[15] Affirmed.

Crone, J., and Pyle, J., concur.